UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Keyvis A., | File No. 26-cv-1961 (ECT/LIB) |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Todd Blanche, *Acting Attorney General*; Markwayne Mullin, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; and Ryan Shea, *Sheriff of Freeborn County, Minnesota*, | |
| Respondents.[1] | |

Petitioner Keyvis A. is a Venezuelan citizen who has lived in the United States since 2023, when he entered the country without inspection. *See* Pet. [ECF No. 1] ¶ 13 (stating Keyvis has "lived in the United States since on or about September 2023"); ECF No. 6-1 at 3 (stating that "[o]n October 8, 2023, [Keyvis] was encountered near Brownsville, TX," and removed on October 11, 2023, and that Keyvis "entered the U.S. on November 3, 2023, at or near Eagle Pass, TX . . . without inspection by U.S. Immigration Officers" and was released on recognizance). "On March 11, 2026, [t]he Faribault Police Department arrested [Keyvis] for Domestic Assault and Felony Threats of Violence." ECF No. 6-1

---

[1] Todd Blanche is automatically substituted for Pam Bondi, and Markwayne Mullin is automatically substituted for Kristi Noem. Fed. R. Civ. P. 25(d).

at 3.    After Keyvis's arrest, Enforcement and Removal Operations ("ERO") "issued an I-247A Immigration Detainer," and on March 17, 2026, ERO "arrested [Keyvis] following his release from the Rice County Jail." *Id.* at 2.  "ERO served [Keyvis] [with] an I-200 Warrant of Arrest." *Id.*; *see* ECF No. 6-2 (arrest warrant).  Keyvis was transported to the Freeborn County Jail and placed in detention. *See* ECF No. 6-1 at 2.

Keyvis challenged his detention by filing a Verified Petition for Writ of Habeas Corpus.  Pet. ¶ 2; *see* 28 U.S.C. § 2241.  He contends that he has been incorrectly classified as subject to mandatory detention under 8 U.S.C. § 1225(b)(2), rather than 8 U.S.C. §1226(a).  *See* Pet. ¶¶ 25–28, 38, 42–45.  He asserts violations of the Fifth Amendment's Due Process Clause, *id.* ¶¶ 29–36; immigration statutes, *id.* ¶¶ 37–38; and the Administrative Procedure Act ("APA"), *id.* ¶¶ 39–45.  For relief, Keyvis seeks immediate, unconditional release, an injunction enjoining his transfer outside of the District of Minnesota pending the duration of these proceedings, and that the Court retain jurisdiction to decide any future motion for attorneys' fees and costs. *See id.* at 17–18.

The Eighth Circuit has rejected Keyvis's legal theory.  It holds that noncitizens who are "present in the United States [and] who ha[ve] not been admitted" are necessarily "seeking admission," so they are subject to mandatory detention under § 1225(b)(2). *Avila v. Bondi*, 170 F.4th 1128, 1134, 1138 (8th Cir. 2026) (first alteration in original).  This forecloses Keyvis's statutory arguments in Counts Two and Three of the Petition. *See* Pet. ¶¶ 37–45.  And Keyvis's due process claim, Count One, fares no better, because the only process Keyvis says is due piggybacks on his unsuccessful statutory claims. *See* Pet. ¶ 34 (arguing that Keyvis has been "detain[ed] . . . without a legal basis," and that "Respondents'

purported basis for detaining Petitioner under 8 U.S.C. § 1225(b)(2) has been rejected time and time again in this court" (citing pre-*Avila* cases)).  Because Keyvis is not entitled to habeas relief under any of his theories, his petition will be denied.

### ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1.      Petitioner Keyvis A.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **DENIED**.

2.      The action is **DISMISSED WITHOUT PREJUDICE**.

### LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 29, 2026                              s/ Eric C. Tostrud
                                                          Eric C. Tostrud
                                                          United States District Court

3